Dear Mr. Drennen:
I am in receipt of your request for an Attorney General's opinion concerning the payment of accrued sick leave upon retirement or death. You have indicated that a question as to eligibility for application of the provisions regarding LSA-R.S. 17:425 has arisen which depending on the interpretation taken could have a significant financial impact. Specifically, you seek a response concerning the following questions:
 1. As currently drafted can the provisions of R.S. 17:425
be applied to individuals within the respective boards enumerated regardless of the retirement system to which they belong or only to those who are members of the Teachers Retirement System of Louisiana?
 2. Does the employee, or their estate, have the option of either accepting payment for the 25 days at the date of retirement or death, or may they instead option (sic) to apply those 25 days to retirement eligibility credit?
 3. Finally, in the case of state agency entities, does the statute apply only to the employees of the actual "boards" (i.e. State Board of Elementary and Secondary Education, Board of Regents, Board of Supervisors for LSU, Board of Supervisors for Southern University, Board of Supervisors for the Community and Technical Colleges, etc. which are distinctly enumerated in both the (sic) Article VIII of the Constitution and as separate state agencies and budgetary units in various statutes and/or appropriation acts) or would it also apply to separate and distinct agencies/entities under the boards oversight?
LSA-R.S. 17:425 states the following in regards to the payment of accrued sick leave upon retirement or death:
 Notwithstanding any other provision of the law to the contrary, beginning July 1, 1973, any parish or city school board, the State Board of Elementary and Secondary Education, or other boards of control of publicly supported educational institutions upon the retirement of any employee of such boards or upon his death prior to retirement, shall pay to such employee or to his heirs or assigns all sick leave which has accrued to such employee but which remains unused at the time of his retirement or at the time of his death if prior to retirement, not to exceed twenty-five days of unused sick leave. Such pay shall be at the rate of pay received by the employee or teacher at the time of retirement or death prior to retirement. However, a city or parish school board may pay such unused sick leave beyond twenty-five days on a uniform basis not to exceed forty-five days at its discretion. Any payment of such unused sick leave beyond twenty-five days shall be based on affordability and the availability of funds. No unused sick leave beyond twenty-five days paid for under the provisions of this section shall be used in the calculation of retirement benefits and no state funds shall be used for the payment of such sick leave.
In response to your first question, LSA-R.S. 17:425 does not specify what retirement system an employee must be a member of for this statute to apply. A review of the specific language which enacted LSA-R.S. 17:425
does not limit the applicability of the statute to only members of the Teacher's Retirement System of Louisiana.
As discussed in Attorney General Opinion 94-373 and Opinion No. 00-357, Civil Service Circular Number 001155 is authoritative with regard to payment of accrued unused sick leave for Civil Service employees and LSA-R.S. 17:425 is authoritative with regard to payment of accrued unused sick leave for those persons not in the classified service. Therefore, the application of LSA-R.S. 17:425 is not limited to only the members of the Teachers' Retirement system, but, it applies to all retirement systems for teachers and employees of any parish or city school board, the State Board of Elementary and Secondary Education, or other boards of control of publicly supported educational institutions. As discussed above, LSA-R.S. 17:425 does not apply to Civil Service employees of these boards or institutions.
In response to your second question, the last sentence of LSA-R.S. 17:425
states:
 No unused sick leave beyond twenty-five days paid for under the provisions of this section shall be used in the calculation of retirement benefits and no state funds shall be used for the payment of such sick leave.
Additionally, for members of the Teacher's Retirement System, LSA-R.S.11:752 allows for the conversion of sick leave to membership service. Section D of the statute allows members to use unused sick leave days earned for membership service credit, less the number of days for which the employer pays upon the member's retirement based upon the table in section D for the member's type of employment at the time of retirement.
In Attorney General Opinion 92-93 our office opined the following:
 It is clear when reading this statute that any parish or city school board upon the retirement of any employee of such board or upon his death prior to retirement, shall pay an employee all sick leave which has accrued to such employee but which remains unused at the time of his retirement or at the time of his death if prior to retirement, not to exceed twenty-five days of unused sick leave. The statute continues by allowing the board to have the discretion to pay an employee for unused sick leave for up to forty-five days. The statute specifically states that no unused sick leave that is paid for beyond the twenty-five days is to be included in the calculation of retirement benefits. Therefore, it is apparent that the legislature intended for any sick leave that is paid to an employee that is less than twenty-five days is also to be excluded from the calculation of retirement benefits.
Also, see Attorney General Opinion 99-329.
Therefore, it is still the opinion of this office that the employee or their estate, does not have the option of either accepting payment for the twenty-five days at the date of retirement or death or to apply those twenty-five days to retirement eligibility credit. An employer must pay an employee of any parish or city school board, the State Board of Elementary and Secondary education, or other boards of control of publicly supported educational institutions upon retirement of any employee of such a board or upon his death prior to retirement all sick leave which has accrued to such employee but remains unused at the time of his retirement or at his death if prior to retirement not to exceed twenty-five days of unused sick leave.
In your third question, you seek a response as to whether LSA-R.S. 17:425 applies only to the employees of the actual "boards", (i.e. State Board of Elementary and Secondary Education, Board of Regents, Board of Supervisors for LSU, Board of Supervisors for Southern University, Board of Supervisors for the Community and Technical Colleges, etc. which are distinctly enumerated in both Article VIII of the Constitution and as separate state agencies and budgetary units in various statutes and/or appropriation acts), or would it also apply to separate and district agencies/entities under the boards oversight.
The Legislature has not limited the application of this statute solely to the boards you have listed in your question. LSA-R.S. 17:425 specifically includes "other boards of control of publicly supported educational institutions." Since Section 425 is included in the chapter concerning teachers and employees, the application of this Section extends to the teachers and employees of these agencies/entities.
I hope this opinion sufficiently addresses your concerns. If I can be of further assistance, please let me know.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________________ BETH CONRAD ROBINSON ASSISTANT ATTORNEY GENERAL
RPI:BCR:sc
DATE RECEIVED: 07.18.03 B.R. DATE RECEIVED: 07.21.03 SH
DATE RELEASED: October 20, 2003